## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KYOCERA SENCO INDUSTRIAL TOOLS, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. |
| v. | ) ) | |
| KOKI HOLDINGS AMERICA, LTD., | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Kyocera Senco Industrial Tools, Inc. ("Kyocera Senco"), an Ohio corporation, by and through its attorneys, against Defendant Koki Holdings America, Ltd. ("Defendant"), a Delaware corporation, states as its Complaint and alleges as follows:

## PARTIES, JURISDICTION AND VENUE
### Parties

1.      Kyocera Senco is an Ohio corporation organized and existing under the laws of the state of Ohio. Kyocera Senco has a principal place of business at 8450 Broadwell Road, Cincinnati, OH 45244. Kyocera Senco develops and manufactures innovative nailers, staplers and fasteners for the commercial and residential markets. Kyocera Senco operates a website at www.Senco.com.

2.      Upon information and belief, Defendant is a Delaware corporation with a principal place of business at 1111 Broadway Avenue, Braselton, GA 30517.

3.    Defendant conducts business in the United States and resides in this jurisdiction.

## Jurisdiction

4.    This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court also has jurisdiction to declare the rights of the parties under 28 U.S.C. § 2201(a) because an actual case or controversy exists as to actual or imminent infringement of Kyocera Senco's patents due to Defendant's stated intention to import and sell certain products that infringe Kyocera Sencco's patents. Defendant's intended acts are imminent and real, and there is substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of infringement.

## Venue

6.    Venue in this judicial district is proper under 28 U.S.C. § 1400(b) because Defendant resides in this district. For the purposes of Section 1400(b), a domestic corporation resides in its state of incorporation. *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 262 (2017). Upon information and belief, Defendant is subject to personal jurisdiction in this Court because Defendant is a corporation incorporated under the laws of Delaware and therefore is a resident of this judicial district. Defendant is therefore subject to the venue of this Court.

**KYOCERA SENCO'S RIGHTS**

7.      Kyocera Senco is the assignee of U.S. Patent Nos. 10,478,954 (the "'954 Patent"), 11,241,776 (the "'776 Patent"), 11,845,167 ("'167 Patent"), and 11,034,007 (the "'007 Patent") (collectively, the "Patents-in-Suit") and owns the entire right, title and interest in and to the Patents-in-Suit.

8.      The '954 Patent is titled *Fastener Driving Tool Using a Gas Spring* and was issued by the USPTO on November 19, 2019. The application which issued as the '954 Patent was filed on May 1, 2017 as U.S. Application No. 15/583,202. A true and correct copy of the '954 Patent is attached hereto as Exhibit A and is incorporated by reference herein.

9.      The '954 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028, with patent term extensions not included.

10.     The '007 Patent is titled *Fastener Driving Tool Using Gas Spring* and was issued by the USPTO on June 15, 2021. The application which issued as the '007 Patent was filed on November 5, 2020 as U.S. Application No. 17/090,018. A true and correct copy of the '007 Patent is attached hereto as Exhibit B and is incorporated by reference herein.

11.     The '007 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028, with patent term extensions not included.

12.     The '776 Patent is titled *Fastener Driving Tool Using Gas Spring* and was issued by the USPTO on February 2, 2022. The application which issued as the '776 Patent was filed on April 30, 2019 as U.S. Application No. 16/398,944. A true and correct copy of the '776 Patent is attached hereto as <u>Exhibit C</u> and is incorporated by reference herein.

13.     The '776 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028, with patent term extensions not included.

14.     The '167 Patent is titled *Fastener Driving Tool Using Gas Spring* and was issued by the USPTO on December 19, 2023. The application which issued as the '167 Patent was filed on April 28, 2022 as U.S. Application No. 17/571,811. A true and correct copy of the '167 Patent is attached hereto as <u>Exhibit D</u> and is incorporated by reference herein.

15.     The '167 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028, with patent term extensions not included.

16.    Kyocera Senco offers multiple products directly to large customers, third-party retailers and distributors. Kyocera Senco also markets its products through its website. Its products are also sold online by some web retailers and customers. These products offered for sale to customers are covered by or relate in whole or in part to the Patents-in-Suit. The Patents-in-Suit contain claims directed to a fastener driving tool that uses a gas spring.

17.    In particular, Kyocera Senco has created and currently sells a line of finish nailers under the brand name Fusion. The Fusion line of nailers incorporates the elements of the Patents-in-Suit.

**DEFENDANT'S KNOWLEDGE OF ITS INFRINGEMENT**

18.    Upon information and belief, Defendant has been aware of its infringement of the Patents-in-Suit since at least their first publications and no later than on or about their dates of issuance, based on the Parties' long-pending patent disputes, including but not limited to C.A. No. 17-598-CFC ("the '598 Action"), pending since May 23, 2017 and U.S. International Trade Commission Investigation No. 337-TA-1082, also pending since 2017 and finally resolved in October 2024.

19.    Upon information and belief, Defendant has been aware of its infringement of the Patents-in-Suit through oral and/or written notice of its infringement from Kyocera Senco, or on information and belief, through Defendant's own knowledge and investigation of the Patents-in-Suit on or about

their respective dates of issuance, including by notice of infringement contained in pleading ECF No. 30 in the '598 Action.

20.    Upon information and belief, Defendant has been aware of the pendency and issuance of the Patents-in-Suit as the same are related, child applications claiming priority to the patents asserted in the '598 Action.

21.    Upon information and belief, Defendant's infringement as alleged herein has been with knowledge or deliberate indifference to its infringement of the Patents-in-Suit.

**DEFENDANT'S ACTS OF INFRINGEMENT**

22.    Defendant, without permission or license from Kyocera Senco, has unlawfully and wrongfully created, used, sold, offered to sell and imported fastener driving tools, staple guns and nailers ("nailers") under model numbers NT1865DMA, NT1865DM, NT1850DE, NT1850DE(S), NT1865DM(S), NT1865DMA(S), NR1890DC(S), NR1890DR(S), NT1865DMSQ7, HPT NR1890DRSQ7, NT1865DMA2Q7, HPT NT1850DF, HPT NT1850DFQ4, NR1890DCST, HPT NT1865DMAST, HPT NT1865DMST, HPT NT1850DFT, NV1845DA, HPT N1804DA, HPT N1804DAQ4, HPT NR1890DRST, NR3690DR, NR3690DC, NR3665DA, NR1890DC, and NR3675DD.

23.    Upon information and belief, on or about March 2020, Defendant modified tools having model numbers NT1850DE, NT1865DM, NT1865DMA,

6

NR1890DC and NR1890DR ("Original Tools") and transitioned to modified tools having model numbers, NT1850DE(S), NT1865DM(S), NT1865DMA(S), NR1890DC(S) and NR1890DR(S) ("Modified Tools"). Defendant continues to import, offer for sale and sell in the United States the Modified Tools.

24.     Upon information and belief, Defendant has continued to import, offer for sale or sell the Original Tools in the United States after the issuance of one or more of the Patents-in-Suit.

25.     On July 9, 2024, Defendant informed the U.S. Court of Appeals for the Federal Circuit in an appeal from termination of an investigation in the U.S. International Trade Commission ("ITC") concerning the Original Tools that:

> Koki would—would like the freedom to import that original product design going forward. We—Koki has essentially been coerced because of a threat against that product design from changing their business plan to now bring in—bring in that—that original product design [the Original Tools].
>
> Koki would like the freedom to bring in the—the design, but because of the threatened investigation, there's this—this cloud hanging over Koki on if they bring in that—that original product design [the Original Tools], they'll be sued on—based on an investigation that Kyocera has already threatened.

26.    Defendant also confirmed that the only thing standing in the way of a

definitive plan to import the Original Tools was the threat of another investigation

in the ITC concerning the Original Tools.

27.    Accordingly, by Defendant's own admission, it has concrete plans and

intent to immediately continue or, alternatively, resume importation, offer for sale

and sale of the Original Tools if there were no threatened investigation concerning

the Original Tools in the ITC.

28.    Defendants, however, received an unequivocal covenant from Kyocera

that it would not again sue Defendants on the Original Tools (or Modified Tools) in

the ITC. *See Koki Holdings America Ltd. v. Int'l Trade Comm'n*, Case No. 2022-

2006, 2024 WL 3964284, at *2–3 (Fed. Cir. Aug. 28, 2024).

29.    Defendant's planned infringing acts in relation to the Original Tools

and Patents-in-Suit are therefore imminent and real, and there is a substantial

controversy of immediacy and reality in regards to the same.

## COUNT I
### Direct Patent Infringement of U.S. Patent No. 10,478,954
### Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

30.    Kyocera Senco adopts, restates and realleges each and every allegation

previously set forth in this Complaint as if fully set forth in this Paragraph 30.

31.    Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in

relevant part:

*(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

Upon information and belief, Defendant, without permission or license from Kyocera Senco, has unlawfully and wrongfully created, used, sold, offered to sell and imported nailers that infringe the claims of the '954 Patent. These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM, NT1850DE, NT1850DE(S), NT1865DM(S), NT1865DMA(S), NR1890DC(S), NR1890DR(S), NT1865DMSQ7, HPT NR1890DRSQ7, NT1865DMA2Q7, HPT NT1850DF, HPT NT1850DFQ4, NR1890DCST, HPT NT1865DMAST, HPT NT1865DMST, HPT NT1850DFT, NV1845DA, HPT N1804DA, HPT N1804DAQ4, HPT NR1890DRST, NR3690DR, NR3690DC, NR3665DA, NR1890DC, and NR3675DD (the "954 Koki Nailers").

32.    Upon information and belief, the Koki Nailers infringe at least claims 1-4, 6-15, and 17-20 of the '954 Patent, as shown in claim charts attached as Exhibit E. The Koki Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

33.    Defendant is a direct competitor of Kyocera Senco, as both parties offer competitive nailers in the tool industry.

34.    As a direct and proximate result of the aforesaid infringement, Kyocera Senco has been and will be greatly damaged, and it has been and will be deprived of

9

and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Kyocera Senco is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

35.    Upon information and belief, Defendant has actual and constructive notice of Kyocera Senco's rights respecting the patented technology.

36.    Upon information and belief, Defendant's infringement is willful, and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

**COUNT II**

**Direct Patent Infringement of U.S. Patent No. 11,034,007
Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))**

37.    Kyocera Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this Paragraph 37.

38.    Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

> *(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

39.    Upon information and belief, Defendant, without permission or license from Kyocera Senco, has unlawfully and wrongfully created, used, sold, offered to sell and imported nailers that infringe the claims of the '007 Patent. These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM,

NT1850DE, NT1850DE(S), NT1865DM(S), NT1865DMA(S), NR1890DC(S), NR1890DR(S), NT1865DMSQ7, HPT NR1890DRSQ7, NT1865DMA2Q7, HPT NT1850DF, HPT NT1850DFQ4, NR1890DCST, HPT NT1865DMAST, HPT NT1865DMST, HPT NT1850DFT, NV1845DA, HPT N1804DA, HPT N1804DAQ4, HPT NR1890DRST, NR3690DR, NR3690DC, NR3665DA, NR1890DC, and NR3675DD (the "007 Koki Nailers").

40.   Upon information and belief, the Koki Nailers infringe at least claims 1-20 of the '007 Patent, as shown in claim charts attached as <u>Exhibit F</u>. The Koki Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

41.   Defendant is a direct competitor of Kyocera Senco, as both parties offer competitive nailers in the tool industry.

42.   As a direct and proximate result of the aforesaid infringement, Kyocera Senco has been and will be greatly damaged, and it has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Kyocera Senco is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

43.   Upon information and belief, Defendant has actual and constructive notice of Kyocera Senco's rights respecting the patented technology.

44.    Upon information and belief, Defendant's infringement is willful, and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

## COUNT III

### Direct Patent Infringement of U.S. Patent No. 11,241,776 Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

45.    Kyocera Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this Paragraph 45.

46.    Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

> *(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

47.    Upon information and belief, Defendant, without permission or license from Kyocera Senco, has unlawfully and wrongfully created, used, sold, offered to sell and imported nailers that infringe the claims of the '776 Patent. These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM, NT1850DE, NT1850DE(S), NT1865DM(S), NT1865DMA(S), NR1890DC(S), NR1890DR(S), NT1865DMSQ7, HPT NR1890DRSQ7, NT1865DMA2Q7, HPT NT1850DF, HPT NT1850DFQ4, NR1890DCST, HPT NT1865DMAST, HPT NT1865DMST, HPT NT1850DFT, NV1845DA, HPT N1804DA, HPT N1804DAQ4, HPT NR1890DRST, NR3690DR, NR3690DC, NR3665DA, NR1890DC, and NR3675DD (the "776 Koki Nailers").

48.    Upon information and belief, the Koki Nailers infringe at least claims 1, 3-17, and 19-30 of the '776 Patent, as shown in claim charts attached as <u>Exhibit G</u>. The Koki Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

49.    Defendant is a direct competitor of Kyocera Senco, as both parties offer competitive nailers in the tool industry.

50.    As a direct and proximate result of the aforesaid infringement, Kyocera Senco has been and will be greatly damaged, and it has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Kyocera Senco is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

51.    Upon information and belief, Defendant has actual and constructive notice of Kyocera Senco's rights respecting the patented technology.

52.    Upon information and belief, Defendant's infringement is willful, and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

**COUNT IV**
**Direct Patent Infringement of U.S. Patent No. 11,845,167**
**Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))**

53.    Kyocera Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this Paragraph 53.

54.     Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

> *(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

55.     Upon information and belief, Defendant, without permission or license from Kyocera Senco, has unlawfully and wrongfully created, used, sold, offered to sell and imported nailers that infringe the claims of the '167 Patent. These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM, NT1850DE, NT1850DE(S), NT1865DM(S), NT1865DMA(S), NR1890DC(S), NR1890DR(S), NT1865DMSQ7, HPT NR1890DRSQ7, NT1865DMA2Q7, HPT NT1850DF, HPT NT1850DFQ4, NR1890DCST, HPT NT1865DMAST, HPT NT1865DMST, HPT NT1850DFT, NV1845DA, HPT N1804DA, HPT N1804DAQ4, HPT NR1890DRST, NR3690DR, NR3690DC, NR3665DA, NR1890DC, and NR3675DD (the "167 Koki Nailers").

56.     Upon information and belief, the Koki Nailers infringe at least claims 1-4, 6-8, and 10-14 of the '167 Patent, as shown in claim charts attached as <u>Exhibit H</u>. The Koki Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

57.     Defendant is a direct competitor of Kyocera Senco, as both parties offer competitive nailers in the tool industry.

58.     As a direct and proximate result of the aforesaid infringement, Kyocera Senco has been and will be greatly damaged, and it has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Kyocera Senco is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

59.     Upon information and belief, Defendant has actual and constructive notice of Kyocera Senco's rights respecting the patented technology.

60.     Upon information and belief, Defendant's infringement is willful, and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

**PRAYER FOR RELIEF**

WHEREFORE, Kyocera Senco prays that this Court:

(a)     adjudge and decree that Defendant has directly infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a);

(b)     declaration of patent infringement by Defendant of the Patents-in-Suit in relation to the Original Tools;

(c)     preliminarily and permanently enjoin, by reason of said acts of infringement and pursuant to 35 U.S.C. § 283, Defendant, its representatives, officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert with them, from directly or indirectly making or causing to be made, offering for sale, selling or causing to be sold, or using or causing to be used any product in accordance with or embodying any invention(s) or methods set forth and claimed in the Patents-in-Suit, including but not limited to the Infringing Koki Nailers and any infringing work product generated therewith;

(d)     order Defendant to pay to Kyocera Senco its damages pursuant to 35 U.S.C. § 284 as a result of Defendant's acts of infringement;

(e)    order a trebling of all damages awarded to Kyocera Senco pursuant to 35 U.S.C. § 284;

(f)    order that Kyocera Senco recover prejudgment interest from Defendant pursuant to 35 U.S.C. § 284 on damages awarded to Kyocera Senco;

(g)    adjudge that the case is exceptional and award Kyocera Senco its attorneys' fees pursuant to 35 U.S.C. § 285; and

(h)    order that Kyocera Senco recover all other costs and disbursements that may be incurred by Kyocera Senco in this action.

## JURY TRIAL DEMAND

Kyocera Senco hereby demands a trial by jury on all triable issues.

OF COUNSEL:

Robert S. Rigg
Daniel H. Shulman
Tyler Hoge
VEDDER PRICE P.C.
222 N. LaSalle St., Suite 2600
Chicago, IL 60601
(312) 609-7500

Dated: December 17, 2024

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Plaintiff Kyocera Senco Industrial Tools, Inc.*

16